# EXHIBIT A-1

| STATE OF TENNESSEE 12TH JUDICIAL DISTRICT CIRCUIT COURT | SUMMONS | CASE FILE NUMBER 2012-CV-18697 |
|---|---|---|

| PLAINTIFF | DEFENDANT |
|---|---|
| Freeman M. Frothingham, Jr., as Executor of the Estate of and for Use and Benefit of the Statutory Beneficiaries of Freeman M. Frothingham, Sr., Deceased | GGNSC Winchester, LLC d/b/a Golden Living Center — Mountain View, et al. |

TO:     (NAME AND ADDRESS OF DEFENDANT)

GGNSC Winchester, LLC
d/b/a Golden Living Center — Mountain View
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN  37203-1312

Method of Service:

X     Certified Mail
_____ Franklin Co. Sheriff
_____ *Comm. Of Insurance
_____ *Secretary of State
_____ *Out of County Sheriff
_____ Private Process Server
_____ Other
*Attach Required Fees

List each defendant on a separate summons.

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, FRANKLIN COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) | FILED, ISSUED & ATTESTED |
|---|---|
| Joe Dughman, Esq. Joe Dughman & Associates 1812 Broadway Nashville, TN 37203 (615) 244-3331 | 5-1-12 NANCY SILVERTOOTH, Clerk  By:          1 South Jefferson Street Winchester, TN 37398  Dan Anderson Deputy Clerk |

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____   ☐ Not Found _____

☐ Not Served _____   ☐ Other _____

| DATE OF RETURN: | By: |
|---|---|
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____. On the _____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Circuit Court Clerk.

| Sworn to and subscribed before me on this _____ day of _____, 20___. <br><br> Signature of _____ Notary Public or _____ Deputy Clerk <br><br> My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

    Mail list to: Franklin County Circuit Court Clerk
                1 S. Jefferson Street
                Winchester, TN 37398

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Nancy Silvertooth, Clerk of the Circuit Court in the State of Tennessee, Franklin County, do certify this to be a true and correct copy of the original summons issued in this case. | NANCY SILVERTOOTH, Clerk <br> By: _____ <br><br> Deputy Clerk _____ |
|---|---|

| STATE OF TENNESSEE 12TH JUDICIAL DISTRICT CIRCUIT COURT | SUMMONS | CASE FILE NUMBER 2012·CV-18697 |
|---|---|---|
| PLAINTIFF Freeman M. Frothingham, Jr., as Executor of the Estate of and for Use and Benefit of the Statutory Beneficiaries of Freeman M. Frothingham, Sr., Deceased | | DEFENDANT GGNSC Winchester, LLC d/b/a Golden Living Center – Mountain View, et al. |

TO: (NAME AND ADDRESS OF DEFENDANT)

GPH Winchester, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

Method of Service:

- X    Certified Mail
- ___    Franklin Co. Sheriff
- ___    *Comm. Of Insurance
- ___    *Secretary of State
- ___    *Out of County Sheriff
- ___    Private Process Server
- ___    Other

*Attach Required Fees

List each defendant on a separate summons.

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, FRANKLIN COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) | FILED, ISSUED & ATTESTED |
|---|---|
| **Joe Dughman, Esq.** **Joe Dughman & Associates** **1812 Broadway** **Nashville, TN 37203** **(615) 244-3331** | 5-1-12 NANCY SILVERTOOTH, Clerk By: 1 South Jefferson Street Winchester, TN 37398 Pam Anderson Deputy Clerk |

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

- ☐ Served _____
- ☐ Not Served _____
- ☐ Not Found _____
- ☐ Other _____

DATE OF RETURN: _____

By: _____

Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____. On the _____ day of _____, 20___, I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___. The return receipt is attached to this original summons to be filed by the Circuit Court Clerk.

Sworn to and subscribed before me on this _____ day of _____, 20___.

Signature of _____ Notary Public or _____ Deputy Clerk

My Commission Expires:

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Franklin County Circuit Court Clerk
1 S. Jefferson Street
Winchester, TN 37398

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

I, Nancy Silvertooth, Clerk of the Circuit Court in the State of Tennessee, Franklin County, do certify this to be a true and correct copy of the original summons issued in this case.

NANCY SILVERTOOTH, Clerk

By: _____

Deputy Clerk

| STATE OF TENNESSEE 12TH JUDICIAL DISTRICT CIRCUIT COURT | SUMMONS | CASE FILE NUMBER 2012-CV-18697 |
|---|---|---|

| PLAINTIFF | DEFENDANT |
|---|---|
| Freeman M. Frothingham, Jr., as Executor of the Estate of and for Use and Benefit of the Statutory Beneficiaries of Freeman M. Frothingham, Sr., Deceased | GGNSC Winchester, LLC d/b/a Golden Living Center - Mountain View, et al. |

TO:   (NAME AND ADDRESS OF DEFENDANT)

GGNSC Equity Holdings, LLC
c/o Corporation Service Company
300 Spring Building, Suite 900
300 S. Spring Street
Little Rock, AR  72201

Method of Service:

__X__   Certified Mail
_____   Franklin Co. Sheriff
_____   *Comm. Of Insurance
_____   *Secretary of State
_____   *Out of County Sheriff
_____   Private Process Server
_____   Other
*Attach Required Fees

List each defendant on a separate summons.

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, FRANKLIN COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) | FILED, ISSUED & ATTESTED |
|---|---|
| **Joe Dughman, Esq.** **Joe Dughman & Associates** **1812 Broadway** **Nashville, TN 37203** **(615) 244-3331** | 5-1-12 NANCY SILVERTOOTH, Clerk By:         1 South Jefferson Street Winchester, TN 37398 Pam Anderson Deputy Clerk |

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
|  | Sheriff |

***Submit one original plus one copy for each defendant to be served.

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____    ☐ Not Found _____
☐ Not Served _____    ☐ Other _____

| DATE OF RETURN: | By: |
| --- | --- |
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____. On the _____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Circuit Court Clerk.

| Sworn to and subscribed before me on this _____ day of _____, 20___. Signature of ____ Notary Public or ____ Deputy Clerk  My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
| --- | --- |

| **NOTICE OF PERSONAL PROPERTY EXEMPTION** | |
| --- | --- |
| TO THE DEFENDANT(S): | ATTACH RETURN RECEIPT HERE (IF APPLICABLE) |

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Franklin County Circuit Court Clerk
1 S. Jefferson Street
Winchester, TN 37398

Please state file number on list.

## CERTIFICATION (IF APPLICABLE)

| I, Nancy Silvertooth, Clerk of the Circuit Court in the State of Tennessee, Franklin County, do certify this to be a true and correct copy of the original summons issued in this case. | NANCY SILVERTOOTH, Clerk By: |
| --- | --- |
| | Deputy Clerk |

| STATE OF TENNESSEE | | | CASE FILE NUMBER |
|---|---|---|---|
| 12TH JUDICIAL DISTRICT CIRCUIT COURT | | SUMMONS | 2012-CV-18697 |

| PLAINTIFF | DEFENDANT |
|---|---|
| Freeman M. Frothingham, Jr., as Executor of the Estate of and for Use and Benefit of the Statutory Beneficiaries of Freeman M. Frothingham, Sr., Deceased | GGNSC Winchester, LLC d/b/a Golden Living Center - Mountain View, et al. |

TO· (NAME AND ADDRESS OF DEFENDANT)

GGNSC Clinical Services, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

Method of Service:

  X   Certified Mail
_____ Franklin Co. Sheriff
_____ *Comm. Of Insurance
_____ *Secretary of State
_____ *Out of County Sheriff
_____ Private Process Server
_____ Other
*Attach Required Fees

List each defendant on a separate summons.

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, FRANKLIN COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU  YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) | FILED, ISSUED & ATTESTED |
|---|---|
| Joe Dughman, Esq. Joe Dughman & Associates 1812 Broadway Nashville, TN 37203 (615) 244-3331 | 5-1-12 NANCY SILVERTOOTH, Clerk By·  1 South Jefferson Street Winchester, TN 37398  Pam Anderson Deputy Clerk |

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows   (Name of Party Served) _____

□  Served _____          □  Not Found _____
□  Not Served _____           □  Other _____

| DATE OF RETURN | By |
|---|---|
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____ On the ____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____, 20___

The return receipt is attached to this original summons to be filed by the Circuit Court Clerk

| Sworn to and subscribed before me on this _____ day of _____ _____, 20___ | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process |
|---|---|
| Signature of ____ Notary Public or ____ Deputy Clerk | |
| My Commission Expires _____ | |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S)
    Tennessee law provides a ten thousand dollar ($10,000 00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court  The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list  Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books  Should any of these items be seized you would have the right to recover them  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer

    Mail list to  Franklin County Circuit Court Clerk
             1 S Jefferson Street
             Winchester, TN 37398

Please state file number on list

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Nancy Silvertooth, Clerk of the Circuit Court in the State of Tennessee, Franklin County, do certify this to be a true and correct copy of the original summons issued in this case | NANCY SILVERTOOTH, Clerk By |
|---|---|
| | Deputy Clerk _____ |

| STATE OF TENNESSEE 12TH JUDICIAL DISTRICT CIRCUIT COURT | SUMMONS | CASE FILE NUMBER 2012-CV-18697 |
|---|---|---|

| PLAINTIFF | DEFENDANT |
|---|---|
| Freeman M. Frothingham, Jr., as Executor of the Estate of and for Use and Benefit of the Statutory Beneficiaries of Freeman M. Frothingham, Sr., Deceased | GGNSC Winchester, LLC d/b/a Golden Living Center – Mountain View, et al. |

TO:    (NAME AND ADDRESS OF DEFENDANT)

Golden Gate National Senior Care, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN  37203-1312

Method of Service:

_X_    Certified Mail
___    Franklin Co. Sheriff
___    *Comm. Of Insurance
___    *Secretary of State
___    *Out of County Sheriff
___    Private Process Server
___    Other
*Attach Required Fees

List each defendant on a separate summons.

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, FRANKLIN COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) | FILED, ISSUED & ATTESTED |
|---|---|
| **Joe Dughman, Esq.** **Joe Dughman & Associates** **1812 Broadway** **Nashville, TN  37203** **(615) 244-3331** | 5-1-12 ~~NANCY SILVERTOOTH,~~ Clerk By:             1 South Jefferson Street             Winchester, TN 37398 Pam Anderson Deputy Clerk |

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
|  | Sheriff |

***Submit one original plus one copy for each defendant to be served.

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____     ☐ Not Found _____
☐ Not Served _____     ☐ Other _____

| DATE OF RETURN: | By: |
| | |
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____. On the _____ day of _____, 20___, I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Circuit Court Clerk.

| Sworn to and subscribed before me on this _____ day of _____ _____, 20___. | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of _____ Notary Public or _____ Deputy Clerk | |
| My Commission Expires: | |

| **NOTICE OF PERSONAL PROPERTY EXEMPTION** | |
| TO THE DEFENDANT(S): | ATTACH RETURN RECEIPT HERE (IF APPLICABLE) |

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

    Mail list to: Franklin County Circuit Court Clerk
             1 S. Jefferson Street
             Winchester, TN 37398

Please state file number on list.

## CERTIFICATION (IF APPLICABLE)

| I, Nancy Silvertooth, Clerk of the Circuit Court in the State of Tennessee, Franklin County, do certify this to be a true and correct copy of the original summons issued in this case. | NANCY SILVERTOOTH, Clerk By: |
| | |
| | Deputy Clerk |

| STATE OF TENNESSEE<br>12TH JUDICIAL DISTRICT<br>CIRCUIT COURT | SUMMONS | CASE FILE NUMBER<br>2012-CV-18697 |
|---|---|---|

| PLAINTIFF<br>Freeman M. Frothingham, Jr., as Executor of the Estate of and for Use and Benefit of the Statutory Beneficiaries of Freeman M. Frothingham, Sr., Deceased | DEFENDANT<br>GGNSC Winchester, LLC d/b/a Golden Living Center - Mountain View, et al. |
|---|---|

TO:   (NAME AND ADDRESS OF DEFENDANT)

GGNSC Administrative Services, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN  37203-1312

Method of Service:

- X   Certified Mail
- ___   Franklin Co. Sheriff
- ___   *Comm. Of Insurance
- ___   *Secretary of State
- ___   *Out of County Sheriff
- ___   Private Process Server
- ___   Other
- *Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, FRANKLIN COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>**Joe Dughman, Esq.**<br>**Joe Dughman & Associates**<br>**1812 Broadway**<br>**Nashville, TN  37203**<br>**(615) 244-3331** | FILED, ISSUED & ATTESTED<br><br>5-1-12<br>NANCY SILVERTOOTH, Clerk<br><br>By:          1 South Jefferson Street<br>                Winchester, TN 37398<br><br>_____ Pam Anderson<br>Deputy Clerk |
|---|---|

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____     ☐ Not Found _____
☐ Not Served _____     ☐ Other _____

DATE OF RETURN: _____

By: _____

Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____. On the _____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Circuit Court Clerk.

Sworn to and subscribed before me on this _____ day of _____
_____, 20___.
Signature of _____ Notary Public or _____ Deputy Clerk

My Commission Expires: _____

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):
   Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

   Mail list to: Franklin County Circuit Court Clerk
                 1 S. Jefferson Street
                 Winchester, TN 37398

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

I, Nancy Silvertooth, Clerk of the Circuit Court in the State of Tennessee, Franklin County, do certify this to be a true and correct copy of the original summons issued in this case.

NANCY SILVERTOOTH, Clerk
By: _____

Deputy Clerk _____

| STATE OF TENNESSEE | | CASE FILE NUMBER |
|---|---|---|
| 12TH JUDICIAL DISTRICT<br>CIRCUIT COURT | SUMMONS | 2012 - CV - 18697 |

| PLAINTIFF | DEFENDANT |
|---|---|
| Freeman M. Frothingham, Jr., as Executor of the Estate of and for Use and Benefit of the Statutory Beneficiaries of Freeman M. Frothingham, Sr., Deceased | GGNSC Winchester, LLC d/b/a Golden Living Center — Mountain View, et al. |

TO: (NAME AND ADDRESS OF DEFENDANT)

Golden Gate Ancillary, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

Method of Service:

  _X_   Certified Mail
  ___   Franklin Co. Sheriff
  ___   *Comm. Of Insurance
  ___   *Secretary of State
  ___   *Out of County Sheriff
  ___   Private Process Server
  ___   Other
  *Attach Required Fees

List each defendant on a separate summons.

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, FRANKLIN COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>**Joe Dughman, Esq.**<br>**Joe Dughman & Associates**<br>**1812 Broadway**<br>**Nashville, TN 37203**<br>**(615) 244-3331** | FILED, ISSUED & ATTESTED<br><br>5 - 1 -12<br><br>NANCY SILVERTOOTH, Clerk<br><br>By:        1 South Jefferson Street<br>                Winchester, TN 37398<br><br>_Pam Anderson_<br>Deputy Clerk |

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows:  (Name of Party Served) _____

☐  Served _____     ☐  Not Found _____
☐  Not Served _____     ☐  Other _____

| DATE OF RETURN: | By: |
| | |
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____. On the _____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Circuit Court Clerk.

| Sworn to and subscribed before me on this _____ day of _____ , 20___. <br> Signature of ____ Notary Public or ____ Deputy Clerk <br><br> My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):
   Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court.  The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books.  Should any of these items be seized you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

   Mail list to: Franklin County Circuit Court Clerk
             1 S. Jefferson Street
             Winchester, TN 37398

Please state file number on list.

**ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)**

## CERTIFICATION (IF APPLICABLE)

| I, Nancy Silvertooth, Clerk of the Circuit Court in the State of Tennessee, Franklin County, do certify this to be a true and correct copy of the original summons issued in this case. | NANCY SILVERTOOTH, Clerk <br> By: <br><br> _____ <br> Deputy Clerk |

| STATE OF TENNESSEE | | CASE FILE NUMBER |
|---|---|---|
| 12TH JUDICIAL DISTRICT<br>CIRCUIT COURT | SUMMONS | 2012-CV-18697 |

| PLAINTIFF | DEFENDANT |
|---|---|
| Freeman M. Frothingham, Jr., as Executor of the Estate of and for Use and Benefit of the Statutory Beneficiaries of Freeman M. Frothingham, Sr., Deceased | GGNSC Winchester, LLC d/b/a Golden Living Center – Mountain View, et al. |

TO: (NAME AND ADDRESS OF DEFENDANT)

GGNSC Holdings, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

Method of Service:

  X   Certified Mail
        Franklin Co. Sheriff
        *Comm. Of Insurance
        *Secretary of State
        *Out of County Sheriff
        Private Process Server
        Other
*Attach Required Fees

List each defendant on a separate summons.

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, FRANKLIN COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number) | FILED, ISSUED & ATTESTED |
|---|---|
| Joe Dughman, Esq.<br>Joe Dughman & Associates<br>1812 Broadway<br>Nashville, TN 37203<br>(615) 244-3331 | 5-1-12<br>NANCY SILVERTOOTH, Clerk<br><br>By:     1 South Jefferson Street<br>        Winchester, TN 37398<br><br>Pam Anderson<br>Deputy Clerk |

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows   (Name of Party Served) _____

☐ Served _____   ☐ Not Found _____
☐ Not Served _____   ☐ Other _____

| DATE OF RETURN | By |
|---|---|
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____ On the _____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____ , 20___

The return receipt is attached to this original summons to be filed by the Circuit Court Clerk

| Sworn to and subscribed before me on this _____ day of _____ _____ , 20___. Signature of _____ Notary Public or _____ Deputy Clerk | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process |
|---|---|
| My Commission Expires |  |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S)
    Tennessee law provides a ten thousand dollar ($10,000 00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court  The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list  Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books  Should any of these items be seized you would have the right to recover them  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer

    Mail list to   Franklin County Circuit Court Clerk
                1 S  Jefferson Street
                Winchester, TN 37398

Please state file number on list

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Nancy Silvertooth, Clerk of the Circuit Court in the State of Tennessee, Franklin County, do certify this to be a true and correct copy of the original summons issued in this case | NANCY SILVERTOOTH, Clerk By _____ Deputy Clerk _____ |
|---|---|

| STATE OF TENNESSEE<br>12TH JUDICIAL DISTRICT<br>CIRCUIT COURT | SUMMONS | CASE FILE NUMBER<br>2012-CV-18697 |
|---|---|---|
| PLAINTIFF<br>Freeman M. Frothingham, Jr., as Executor of the Estate of and for Use and Benefit of the Statutory Beneficiaries of Freeman M. Frothingham, Sr., Deceased | | DEFENDANT<br>GGNSC Winchester, LLC d/b/a Golden Living Center - Mountain View, et al. |

TO:   (NAME AND ADDRESS OF DEFENDANT)

360 Healthcare Staffing, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN  37203-1312

Method of Service:

X   Certified Mail
___   Franklin Co. Sheriff
___   *Comm. Of Insurance
___   *Secretary of State
___   *Out of County Sheriff
___   Private Process Server
___   Other
*Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, FRANKLIN COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>**Joe Dughman, Esq.**<br>**Joe Dughman & Associates**<br>**1812 Broadway**<br>**Nashville, TN 37203**<br>**(615) 244-3331** | FILED, ISSUED & ATTESTED<br><br>5-1-12<br><br>~~NANCY SILVERTOOTH~~, Clerk<br><br>By:          ~~1 South Jefferson Street~~<br>              Winchester, TN 37398<br><br>          Pam Anderson<br>Deputy Clerk |
|---|---|
| TO THE SHERIFF: | DATE RECEIVED<br><br><br>Sheriff |

***Submit one original plus one copy for each defendant to be served.

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____     ☐ Not Found _____
☐ Not Served _____     ☐ Other _____

| DATE OF RETURN: | By: |
| | Sheriff or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____. On the _____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Circuit Court Clerk.

| Sworn to and subscribed before me on this _____ day of _____ _____, 20___. Signature of _____ Notary Public or _____ Deputy Clerk | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
| My Commission Expires: | |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

    Mail list to:  Franklin County Circuit Court Clerk
                1 S. Jefferson Street
                Winchester, TN 37398

Please state file number on list.

**ATTACH RETURN RECEIPT HERE (IF APPLICABLE)**

## CERTIFICATION (IF APPLICABLE)

| I, Nancy Silvertooth, Clerk of the Circuit Court in the State of Tennessee, Franklin County, do certify this to be a true and correct copy of the original summons issued in this case. | NANCY SILVERTOOTH, Clerk By: |
| | Deputy Clerk |

| STATE OF TENNESSEE 12TH JUDICIAL DISTRICT CIRCUIT COURT | SUMMONS | CASE FILE NUMBER 2012-CV-18497 |
|---|---|---|

| PLAINTIFF Freeman M. Frothingham, Jr., as Executor of the Estate of and for Use and Benefit of the Statutory Beneficiaries of Freeman M. Frothingham, Sr., Deceased | DEFENDANT GGNSC Winchester, LLC d/b/a Golden Living Center — Mountain View, et al. |
|---|---|

TO:  (NAME AND ADDRESS OF DEFENDANT)

Geary Real Estate Holdings, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN  37203-1312

Method of Service:

    _X_   Certified Mail
    ___   Franklin Co. Sheriff
    ___   *Comm. Of Insurance
    ___   *Secretary of State
    ___   *Out of County Sheriff
    ___   Private Process Server
    ___   Other
    *Attach Required Fees

List each defendant on a separate summons.

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, FRANKLIN COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU  YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW.  IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se (Name, address & telephone number) Joe Dughman, Esq. Joe Dughman & Associates 1812 Broadway Nashville, TN  37203 (615) 244-3331 | FILED, ISSUED & ATTESTED 5-1-12 NANCY SILVERTOOTH, Clerk By:        1 South Jefferson Street Winchester, TN 37398 ~~Pam Anderson~~ Deputy Clerk |
|---|---|

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows   (Name of Party Served) _____

☐ Served _____   ☐ Not Found _____ '  _____

☐ Not Served _____   ☐ Other _____

| DATE OF RETURN | By |
| --- | --- |
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____   On the _____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the ____ day of _____, 20___

The return receipt is attached to this original summons to be filed by the Circuit Court Clerk

| Sworn to and subscribed before me on this _____ day of _____ , 20___ .  Signature of ____ Notary Public or ____ Deputy Clerk  My Commission Expires | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process |
| --- | --- |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S)

Tennessee law provides a ten thousand dollar ($10,000 00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court  The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list  Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books  Should any of these items be seized you would have the right to recover them  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer

Mail list to   Franklin County Circuit Court Clerk
1 S  Jefferson Street
Winchester, TN 37398

Please state file number on list

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Nancy Silvertooth, Clerk of the Circuit Court in the State of Tennessee, Franklin County, do certify this to be a true and correct copy of the original summons issued in this case | NANCY SILVERTOOTH, Clerk  By _____  _____  Deputy Clerk |
| --- | --- |

| STATE OF TENNESSEE 12TH JUDICIAL DISTRICT CIRCUIT COURT | SUMMONS | CASE FILE NUMBER 2012-CV-18697 |
|---|---|---|

| PLAINTIFF | DEFENDANT |
|---|---|
| Freeman M. Frothingham, Jr., as Executor of the Estate of and for Use and Benefit of the Statutory Beneficiaries of Freeman M. Frothingham, Sr., Deceased | GGNSC Winchester, LLC d/b/a Golden Living Center – Mountain View, et al. |

TO: (NAME AND ADDRESS OF DEFENDANT)

Drumm Investors, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

Method of Service:

__X__ Certified Mail
_____ Franklin Co. Sheriff
_____ *Comm. Of Insurance
_____ *Secretary of State
_____ *Out of County Sheriff
_____ Private Process Server
_____ Other
*Attach Required Fees

List each defendant on a separate summons.

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, FRANKLIN COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU  YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) | FILED, ISSUED & ATTESTED |
|---|---|
| Joe Dughman, Esq. Joe Dughman & Associates 1812 Broadway Nashville, TN 37203 (615) 244-3331 | 5-1-12 NANCY SILVERTOOTH, Clerk By: 1 South Jefferson Street Winchester, TN 37398 Deputy Clerk |

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
|  | Sheriff |

***Submit one original plus one copy for each defendant to be served.

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows  (Name of Party Served) _____

☐  Served _____          ☐  Not Found _____
☐  Not Served _____          ☐  Other _____

| DATE OF RETURN | By  , |
|---|---|
|  | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____ , 20___  I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____  On the _____ day of _____ , 20___, I received the return

receipt, which had been signed by _____  on the _____ day of _____  20___

The return receipt is attached to this original summons to be filed by the Circuit Court Clerk

| Sworn to and subscribed before me on this _____ day of _____ _____, 20___. Signature of ____ Notary Public or ____ Deputy Clerk | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process |
|---|---|
| My Commission Expires |  |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S)

   Tennessee law provides a ten thousand dollar ($10,000 00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court  The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list  Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books  Should any of these items be seized you would have the right to recover them  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer

   Mail list to  Franklin County Circuit Court Clerk
                1 S  Jefferson Street
                Winchester, TN 37398

Please state file number on list

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Nancy Silvertooth, Clerk of the Circuit Court in the State of Tennessee, Franklin County, do certify this to be a true and correct copy of the original summons issued in this case | NANCY SILVERTOOTH, Clerk By |
|---|---|
|  | Deputy Clerk |

FREEMAN M. FROTHINGHAM, JR., AS EXECUTOR OF THE ESTATE OF AND FOR USE AND BENEFIT OF THE STATUTORY BENEFICIARIES OF FREEMAN M. FROTHINGHAM, SR., DECEASED,

       PLAINTIFF,

       vs.

GGNSC WINCHESTER, LLC d/b/a Golden Living Center – Mountain View; GPH WINCHESTER, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC CLINCAL SERVICES, LLC; GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GOLDEN GATE ANCILLARY, LLC; GGNSC HOLDINGS, LLC; 360 HEALTHCARE STAFFING, LLC, GEARY REAL ESTATE HOLDINGS, LLC, and DRUMM INVESTORS, LLC,

      DEFENDANTS.

DOCKET NO. 2012-CV - 18697
JURY DEMANDED

FILED 5-1-12
TIME 1:00 PM
ROBERT BAGGETT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, TN

## COMPLAINT FOR DAMAGES

Plaintiff, complaining of Defendants, alleges and says:

### I. INTRODUCTION & DEFINITIONS

1.    All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff, the persons, and estate the Plaintiff represents, and Plaintiff's counsel. Plaintiff's information and belief are based upon, *inter alia*, the investigation conducted to date by Plaintiff and his counsel. Each allegation in this Complaint

1

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE TWELFTH JUDICIAL DISTRICT AT
WINCHESTER, FRANKLIN COUNTY, TENNESSEE

FREEMAN M. FROTHINGHAM, JR., AS
EXECUTOR OF THE ESTATE OF AND FOR
USE AND BENEFIT OF THE STATUTORY
BENEFICIARIES OF FREEMAN M.
FROTHINGHAM, SR., DECEASED,

     PLAINTIFF,

     vs.

GGNSC WINCHESTER, LLC d/b/a Golden
Living Center – Mountain View; GPH
WINCHESTER, LLC; GGNSC EQUITY
HOLDINGS, LLC; GGNSC CLINCAL
SERVICES, LLC; GOLDEN GATE
NATIONAL SENIOR CARE, LLC; GGNSC
ADMINISTRATIVE SERVICES, LLC;
GOLDEN GATE ANCILLARY, LLC; GGNSC
HOLDINGS, LLC; 360 HEALTHCARE
STAFFING, LLC, GEARY REAL ESTATE
HOLDINGS, LLC, and DRUMM INVESTORS,
LLC,

     DEFENDANTS.

DOCKET NO.
JURY DEMANDED

## COMPLAINT FOR DAMAGES

Plaintiff, complaining of Defendants, alleges and says:

### I. INTRODUCTION & DEFINITIONS

1.     All allegations in this Complaint are based upon information and belief except for

those allegations which pertain to the Plaintiff, the persons, and estate the Plaintiff represents,

and Plaintiff's counsel. Plaintiff's information and belief are based upon, *inter alia*, the

investigation conducted to date by Plaintiff and his counsel. Each allegation in this Complaint

1

either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

2.     The acts and omissions of Defendants as set out below are violations of the Tennessee Nursing Home Residents' Rights Act (Tenn. Code Ann. § 68-11-101, *et seq.*) and its implementing regulations (Nursing Home Rules and Regulations § 1200-8-6, *et seq.*), as well as the Tennessee Adult Protection Act (Tenn. Code Ann. § 71-6-101, *et seq.*).

3.     Plaintiff contends that the violation of the statutes and regulations set out in the paragraphs below give rise to a separate cause of action. Moreover, the violation of such statutes and regulations are evidence of negligence and/or medical negligence.

4.     When the terms "Defendants" or "Corporate Defendants" are used in this action, such term refers to and includes each named Defendant in this lawsuit.

5.     When the term "facility" is used in this action, such terms refer to and mean Golden LivingCenter – Mountain View located at 1360 Bypass Road, Winchester, Franklin County, Tennessee 37398.

6.     When it is alleged in this action that Defendants or Corporate Defendants did any act or thing or failed to do any act or thing, it means that the officers, agents, or employees of the designated corporation(s) and/or business entity(ies) respectively performed, participated in, or failed to perform such acts or things while in the course and scope of their employment or agency relationships with Defendants or Corporate Defendants.

## II. PLAINTIFF

7.     At all times relevant to this cause of action, Freeman M. Frothingham, Sr., upon information and belief, as well by a reading of the Facility's nursing home records, was an

2

incompetent adult (both physical and mental) resident of Winchester, Franklin County, Tennessee.

8.     As such, Plaintiff affirmatively pleads that any statute of limitations would be tolled until Freeman M. Frothingham, Sr. passed away on or about February 4, 2011; further Defendants are estopped from denying such tolling by virtue of its own records.

·9.     At all times relevant to this cause of action, Freeman M. Frothingham, Jr. was, upon information and belief, an adult resident citizen of Morrison, Warren County, Tennessee. Freeman M. Frothingham, Jr. is the son of Freeman M. Frothingham, Sr..

10.     Freeman M. Frothingham, Jr. brings this action as the Executor of the Estate of and for the Use and Benefit of Freeman M. Frothingham, Sr.'s statutory beneficiaries.

### III. DEFENDANTS

11.     On information and belief, Defendant GGNSC Winchester, LLC ("GGNSC Winchester") is and was at all times relevant hereto engaged in the operation, management, ownership and/or control of Golden LivingCenter – Mountain View located in Franklin County, Tennessee with its principal place of business located at 1360 Bypass Road, Winchester, Tennessee 37398. Defendant GGNSC Winchester was also the licensee of the Facility during all times relevant to this Complaint.     Defendant GGNSC Winchester's business of owning, operating, managing and maintaining the Facility, during all times material to this lawsuit, serves as the basis for the causes of action set forth in this Complaint for Damages. Defendant GGNSC Winchester may be served with legal process through its registered agent for service of process, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

12.     On information and belief, Defendant GPH Winchester, LLC ("GPH Winchester") is and was at all times relevant hereto engaged in the operation, leasing,

3

management, ownership and/or control of Golden LivingCenter – Mountain View located in Franklin County, Tennessee with its principal place of business located at 1000 Fianna Way, Fort Smith, Arkansas 72919. Defendant GPH Winchester was also the owner of the real estate where the Facility was located during all times relevant to this Complaint. Defendant GPH Winchester's business of owning, leasing, operating, managing and maintaining nursing homes, healthcare, and long-term care facilities, including the Facility, during all times material to this lawsuit, serves as the basis for the causes of action set forth in this Complaint for Damages. Defendant GPH Winchester may be served with legal process through its registered agent for service of process, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

13. On information and belief, Defendant GGNSC Equity Holdings, LLC ("GGNSC Equity") is and was at all times relevant hereto engaged in the operation, leasing, management, ownership and/or control of Golden LivingCenter – Winchester located in Franklin County, Tennessee with its principal place of business located at 1000 Fianna Way, Ft. Smith, Arkansas 72919. Defendant GGNSC Equity was also the Master Tenant of the real estate where the Facility is located during all times relevant to this Complaint. Defendant Equity's business of owning, leasing, operating, managing and maintaining nursing homes, healthcare, and long-term care facilities, including the Facility, during all times material to this lawsuit, serves as the basis for the causes of action set forth in this Complaint for Damages. Defendant GGNSC Equity may be served with legal process through its registered agent for service of process, Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201. Defendant GGNSC Equity is also the Limited Liability Company Member of Co-Defendant GGNSC Winchester.

4

14. On information and belief, Defendant GGNSC Clinical Services, LLC ("GGNSC Clinical") is and was at all times relevant hereto engaged in the operation, oversight, management, ownership and/or control of Golden LivingCenter – Winchester located in Franklin County, Tennessee with its principal place of business located at 1000 Fianna Way, Ft. Smith, Arkansas 72919. Defendant GGNSC Clinical also provided certain clinical and other professional services to the Facility pursuant to a written contract during all times relevant to this Complaint. Defendant GGNSC Clinical's business of owning, overseeing, operating, managing and maintaining nursing homes, healthcare, and long-term care facilities, including the Facility, during all times material to this lawsuit, serves as the basis for the causes of action set forth in this Complaint for Damages. Defendant GGNSC Clinical may be served with legal process through its registered agent for service of process, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

15. On information and belief, Defendant Golden Gate National Senior Care, LLC ("Golden Gate") is and was at all times relevant hereto engaged in the operation, oversight, management, ownership and/or control of Golden LivingCenter – Winchester located in Franklin County, Tennessee with its principal place of business located at 1000 Fianna Way, Ft. Smith, Arkansas 72919. Defendant Golden Gate also hired the Facility's Executive Director(s), as well as controlled or had the right to control the financial decisions of the Facility during all times relevant to this Complaint. Defendant Golden Gate's business of owning, overseeing, operating, managing and maintaining nursing homes, healthcare, and long-term care facilities, including the Facility, during all times material to this lawsuit, serves as the basis for the causes of action set forth in this Complaint for Damages. Defendant Golden Gate may be served with legal process

5

through its registered agent for service of process, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312. Defendant Golden Gate is also the Limited Liability Company Member of Co-Defendants GGNSC Equity and GGNSC Clinical.

16.     On information and belief, Defendant GGNSC Administrative Services, LLC ("GGNSC Administrative") is and was at all times relevant hereto engaged in the operation, oversight, management, ownership and/or control of Golden LivingCenter – Winchester located in Franklin County, Tennessee with its principal place of business located at 1000 Fianna Way, Ft. Smith, Arkansas 72919. Defendant GGNSC Administrative also provided certain business and other professional services to the Facility pursuant to a written contract during all times relevant to this Complaint. Defendant GGNSC Administrative's business of owning, overseeing, operating, managing and maintaining nursing homes, healthcare, and long-term care facilities, including the Facility, during all times material to this lawsuit, serves as the basis for the causes of action set forth in this Complaint for Damages. Defendant GGNSC Administrative may be served with legal process through its registered agent for service of process, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

17.     On information and belief, Defendant Golden Gate Ancillary, LLC ("Golden Gate Ancillary") is and was at all times relevant hereto engaged in the operation, servicing, management, ownership and/or control of Golden LivingCenter – Winchester located in Franklin County, Tennessee with its principal place of business located at 1000 Fianna Way, Ft. Smith, Arkansas 72919. Defendant Golden Gate Ancillary's business of owning, servicing, operating, managing and maintaining nursing homes, healthcare, and long-term care facilities, including the Facility, during all times material to this lawsuit, serves as the basis for the causes of action set forth in this Complaint for Damages. Defendant Golden Gate Ancillary may be served with

6

legal process through its registered agent for service of process, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312. Defendant Golden Gate Ancillary is also the Limited Liability Company Member of Co-Defendant 360 Healthcare Staffing, LLC ("360 Healthcare").

18. On information and belief, Defendant GGNSC Holdings, LLC ("GGNSC Holdings") is and was at all times relevant hereto engaged in the operation, management, ownership and/or control of Golden LivingCenter – Winchester located in Franklin County, Tennessee with its principal place of business located at 1000 Fianna Way, Ft. Smith, Arkansas 72919. Defendant GGNSC Holdings' business of owning, operating, managing and maintaining nursing homes, healthcare, and long-term care facilities, including the Facility, during all times material to this lawsuit, serves as the basis for the causes of action set forth in this Complaint for Damages. Defendant GGNSC Holdings may be served with legal process through its registered agent for service of process, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312. Defendant GGNSC Holdings is also the Limited Liability Company Member of Co-Defendants Golden Gate, GGNSC Administrative, and GGNSC Golden Gate Ancillary.

19. On information and belief, Defendant 360 Healthcare is and was at all times relevant hereto engaged in the operation, staffing, management, ownership and/or control of Golden LivingCenter – Winchester located in Franklin County, Tennessee with its principal place of business located at 1000 Fianna Way, Ft. Smith, Arkansas 72919. Defendant 360 Healthcare also provided employees, agents and/or staff to the Facility during all times relevant to this Complaint. Defendant 360 Healthcare's business of owning, staffing, operating, managing and maintaining nursing homes, healthcare, and long-term care facilities, including the

7

Facility, during all times material to this lawsuit, serves as the basis for the causes of action set forth in this Complaint for Damages. Defendant 360 Healthcare may be served with legal process through its registered agent for service of process, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

20.    On information and belief, Defendant Geary Real Estate Holdings, LLC ("Geary Holdings") is and was at all times relevant hereto engaged in the operation, leasing, management, ownership and/or control of Golden LivingCenter – Winchester located in Franklin County, Tennessee with its principal place of business located at 1000 Fianna Way, Ft. Smith, Arkansas 72919. Defendant Geary Holdings' business of owning, leasing, operating, managing and maintaining nursing homes, healthcare, and long-term care facilities, including the Facility, during all times material to this lawsuit, serves as the basis for the causes of action set forth in this Complaint for Damages. Defendant Geary Holdings may be served with legal process through its registered agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Defendant Geary Real is also the Limited Liability Company Member of Co-Defendant GPH Winchester.

21.    On information and belief, Defendant Drumm Investors, LLC ("Drumm") is and was at all times relevant hereto engaged in the operation, management, ownership and/or control of Golden LivingCenter – Winchester located in Franklin County, Tennessee with its principal place of business located at 1000 Fianna Way, Ft. Smith, Arkansas 72919. Defendant Drumm controlled or had the right to control certain clinical and/or financial decisions at the Facility during all times relevant to this Complaint. Defendant Drumm's business of owning, operating, managing and maintaining nursing homes, healthcare, and long-term care facilities, including the Facility, during all times material to this lawsuit, serves as the basis for the causes of action set

8

forth in this Complaint for Damages. Defendant Drumm may be served with legal process through its registered agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Defendant Drumm Investors is also the Limited Liability Company Member of GGNSC Holdings.

22.     One man, Ronald E. Silva, is the *de facto* manager and owner of the Corporate Defendants and controlled or had the right to control the financial operations of these entities through his hedge fund, Fillmore Capital Partners, LLC, and as such his decisions individually and through his control over the Corporate Defendants impacted the care at the Facility and caused injury to Freeman M. Frothingham, Sr.

### IV. VENUE & JURISDICTION

23.     The Corporate Defendants' contacts with the State of Tennessee form the basis of personal jurisdiction in this case.

24.     The injuries forming the basis of this lawsuit were a product of the clinical, corporate and/or financial policies designed, formulated, and implemented by the Corporate Defendants.

25.     All injuries, acts, omissions and events which form the basis of this Complaint occurred or had their end result in Winchester, Franklin County, Tennessee.

26.     Venue is proper pursuant to Tenn. Code Ann. § 20-4-101, because the action was brought in Franklin County, Tennessee where the cause of action arose.

### V. NOTICE

27.     Plaintiff affirmatively pleads that the Tennessee's Medical Malpractice Act's notice and other requirements as set forth in TENN. CODE. ANN. § 29-26-121 are unconstitutional.

28.     Alternatively, the only Defendant that the notice and other requirements as set forth in TENN. CODE. ANN. § 29-26-121 apply to in this matter is GGNSC Winchester, and the

9

only claim that such provisions apply to is matter is the claim for medical malpractice set forth in this Complaint for Damages.

29. The Affidavit of Jennaca Smith is attached as <u>Exhibits A-I</u> to this Complaint for Damages pursuant to TENN. CODE. ANN. § 29-26-121(a)(3)(B)(4).

30. Plaintiff affirmatively pleads that the Tennessee Medical Malpractice Act's expert consultation and other requirements as set forth in TENN. CODE. ANN. § 29-26-122(a) are unconstitutional.

31. Alternatively, the only Defendant that the expert consultation and other requirements as set forth in TENN. CODE. ANN. § 29-26-122(a) apply to in this matter is GGNSC Winchester, and the only claim that such provisions apply to is the matter is the claim for medical malpractice set forth in this Complaint for Damages.

32. A Certificate of Good Faith is attached as this Complaint for Damages as <u>Exhibit J</u> pursuant to TENN. CODE. ANN. § 29-26-122(a).

## VI. FACTUAL ALLEGATIONS

*A. Facts About Joint Venture/Enterprise/Corporate Control (Based Upon Information and Belief)*

33. Corporate Defendants were engaged in a joint venture/enterprise with one other and other unknown, corporately interrelated entities or persons during Freeman M. Frothingham, Sr.'s residency. Defendants shared an interest in the object and purpose of the undertaking for which the Facility was operated. Plaintiff does not yet, and has no reason to know, of the identify of the other corporate entities or persons that Defendants were involved with during all times material to Freeman M. Frothingham, Sr.'s residency because such entities or persons have been, upon information and belief, fraudulently, wrongfully and/or improperly concealed from the public, including Freeman M. Frothingham, Sr.'s and his wrongful death beneficiaries.

10

34.     Corporate Defendants operated a joint venture/enterprise with each other and these yet unknown entities or persons in an effort to streamline and advance their business interests and collectively control the Facility.

35.     Corporate Defendants operated collectively as a single business enterprise with each other and these other unidentified entities or persons, carrying out a common business objective and is jointly and severally liable for damages with these other unidentified entities or persons to Plaintiff for injuries caused to Freeman M. Frothingham, Sr..

36.     Corporate Defendants controlled the **operation, planning, management** and **quality control** of the Facility with each other, or had the capacity to control such activities, along with these unknown entities or persons.

37.     The fiscal, financial and budgetary decisions, oversight, and policies handed down by the Corporate Defendants over the Facility included, but was not limited to the following: *(1) control of marketing; (2) control of human resources department; (3) control of management; (4) management of personnel employed by the facility (5) control of training; (6) control of staffing; (7) creation of policies and procedures including manuals; (8) implementing and carrying out policy and procedures handed down to the facility; (9) control of recruitment and retention; (10) control of rates of pay or compensation; (11) control of federal and state Medicare and Medicaid reimbursement; (12) control of quality care assessment and compliance; (13) control over licensure and certification; (14) control of legal services; (15) control of financial, tax, and accounting policies.*

11

38.    The acts, control and authority alleged in the preceding paragraph were driven by the Corporate Defendants' ownership, operation, and control, either directly or through the agency of each other and/or other diverse subordinates, agents, subsidiaries, servants, or employees of the Facility.

39.    The Corporate Defendants controlled the management and decision-making concerning the operation of the Facility and exercised control over, or had the capacity to do so, previously authorized and/or subsequently ratified the daily work of the *custodial* and *skilled* employees at the Facility.

40.    The Corporate Defendants exercised the control alleged, or had the right to control as alleged, in the preceding paragraphs through the following practices:

    a.  By providing an Administrator;

    b.  By providing other management and supervisory personnel;

    c.  By developing and/or providing policies and procedures which governed the staff's performance and delivery of both *custodial, non-medical* and *skilled/medical* care to the residents in the facility, including decisions on which residents to admit and/or transfer;

    d.  By developing and/or providing policies and procedures which determine which residents should be admitted, including those like Freeman M. Frothingham, Sr. who had an existing medical conditions that required constant attention and monitoring;

    e.  By providing training to the staff and determining the skill level mix of direct care staff for each shift;

    f.  By influencing and/or controlling management and budgetary decisions which directly affected the care, both *custodial, direct non-medical care as well as medical skilled nursing care*, of the residents at the facility;

    g.  By establishing the guidelines and admission criteria for residents and policies for removing or transferring residents after admission;

    h.  By intentionally or recklessly failing to purchase comprehensive general liability coverage policy sufficient to satisfy claims like those of Freeman M. Frothingham, Sr.'s.

12

41. The Corporate Defendants' actions and inactions resulted in residents at the Facility at issue, including Freeman M. Frothingham, Sr., from receiving adequate care.

42. The Corporate Defendants were *de facto* partners with each other and with these unidentified entities and persons and thus liable for their actions by virtue of carrying on a venture for their common benefit, with each party contributing property or services to the venture, and each party with a community of interests in the *profits* of the venture.

43. The actions of the Corporate Defendants and each of its servants, agents, employees and subordinates, as set forth herein, are imputed to each Corporate Defendant, jointly and severally.

44. At all times relevant to this cause of action, the Corporate Defendants' employees and/or agents were acting within the course and scope of their employment.

45. The Corporate Defendants deviated from the duty of reasonable care owed to residents such as Freeman M. Frothingham, Sr. in the following ways:

   a.   Failing to provide Freeman M. Frothingham, Sr. with a safe environment;

   b.   Failing to provide food and water;

   c.   Failing to properly train and supervise facility employees and staff;

   d.   Failing to properly staff the facility with sufficient numbers of professional and non-professional staff to protect Freeman M. Frothingham, Sr. from injury and neglect;

   e.   Failing to recognize the dangers associated with residents such as Freeman M. Frothingham, Sr.;

   f.   Failing to properly supervise and care for Freeman M. Frothingham, Sr.;

   g.   Failing to properly budget the facility to provide adequate staffing and supplies;

   h.   Failure of corporate and management agents to properly staff, hire, budget and train the facility's employees to ensure that Freeman M. Frothingham, Sr. was provided the appropriate level of care and supervision that she required; and,

13

i.      Such other acts or omissions that may be proven through discovery or at trial.

**B.  Facts about the Resident, Freeman M. Frothingham, Sr.**

46.      Some of the facts giving rise to the claims alleged in this Complaint include, but are not limited to, the failure, during late 2010-early 2011, of the Corporate Defendants to provide adequate and appropriate: assessments, reassessments, care planning, food, water, prevention of fecal impaction, supervision, documentation, hygiene, assistance with activities of daily living, turning and repositioning, prevention of pressure sores, infection, pain assessments, access to necessary health care, and custodial care. Additional injuries include, but are not limited to several large, foul smelling and infected pressure ulcers, as well as fecal impaction and death.

**C.  Facts relative to Ordinary Negligence & TAPA**

47.      Freeman M. Frothingham, Sr. required assistance with his activities of daily living including the most *basic* activities such as turning, movement, eating, drinking, ambulating, grooming, and going to the bathroom.

48.      Defendants were aware of Freeman M. Frothingham, Sr.'s condition and his need for assistance with *basic, non-medical, custodial* activities of daily living, or reasonably should have been aware and had a duty to meet Freeman M. Frothingham, Sr.'s needs or else discharge him to an appropriate facility that could meet his needs.

49.      Defendants failed to consistently provide sufficient numbers of adequately trained and skilled nursing and custodial personnel, and as a result the specific *custodial* needs of Freeman M. Frothingham, Sr. could not be met, which accelerated the deterioration of his *health* and *physical condition* beyond that caused by the normal aging process.

14

50.     Defendants failed to exercise reasonable care in meeting Freeman M. Frothingham, Sr.'s most *basic, non-medical, custodial* needs causing injury to him.

51.     Defendants failed to adequately assist Freeman M. Frothingham, Sr. when needed, resulting in multiple pressure sores and a fecal impaction.

52.     Defendants failed to adequately move Freeman M. Frothingham, Sr.'s limbs, resulting in painful pressure sores.

53.     The Facility failed to keep the body of Freeman M. Frothingham, Sr. clean and dry and free of urine and feces, causing great lost of dignity and respect and very poor hygiene and other injuries.

54.     The Facility failed to provide adequate food within Freeman M. Frothingham, Sr.'s meal plan and failed to make it available to him and assist him in eating it when needed.

55.     The Facility failed to provide adequate water and make it available for Freeman M. Frothingham, Sr. to drink and assist him in drinking when needed.

56.     Plaintiff alleges malnourishment and dehydration as a fact relative to ordinary negligence because the assistance that Freeman M. Frothingham, Sr. needed in this regard was assisting in *holding* a glass of water so that he could drink and assistance in getting food from his plate into his mouth, none of which constitutes medical care but is *basic* care.

57.     Staffing problems and difficulties at the Facility, as well as resultant resident neglect was reported up the chain of command from the most direct hands-on caregivers.

58.     Corporate Defendants controlled the budget and the operation of the Facility recklessly disregarded warnings so as to put priority of themselves and their own profits before residents and their care including as Freeman M. Frothingham, Sr.

15

59. Corporate Defendants' decisions to prioritize profit over residents at the Facility directly caused humiliating injuries and death to Freeman M. Frothingham, Sr.

60. As a direct and proximate result of the failure to meet his most *basic custodial* needs, Freeman M. Frothingham, Sr. suffered from multiple humiliating *dignity* violations including but not limited to poor *hygiene*, malnourishment, dehydration, pressure sores, fecal impaction, abuse and neglect, and death.

### D. Facts relative to Medical Negligence

61. The Facility was chronically without sufficient numbers of skilled nursing staff to meet the *nursing* and *medical* needs or residents including Freeman M. Frothingham, Sr.

62. Without sufficient numbers of adequately trained skilled nursing personnel, the specific *nursing* and *medical* needs of Freeman M. Frothingham, Sr. could not be met, which accelerated the deterioration of his *health* and *physical condition* beyond that caused by the normal aging process.

63. Defendants did not meet the skilled *nursing* and *medical* needs of Freeman M. Frothingham, Sr. within the standard of care for a nursing home in the medical community or similar medical community where the facility at issue is located.

64. As a direct and proximate result of the failure to meet the *nursing* and *medical* needs of Freeman M. Frothingham, Sr. he became malnourished and dehydrated, developed infections and pressure sores, and resulted in pain, suffering, permanent impairment, and death.

65. The staffing difficulties and problems in the Facility and the failure to provide *skilled nursing* care related to the *medical* treatment were reported and communicated up the chain of command.

16

66.     Defendants' control over the budget and the operation of the Facility recklessly disregarded warnings so as to prioritize their own desire for profits ahead of the needs of Freeman M. Frothingham, Sr. and other residents like him from receiving quality skilled *nursing* or *medical* care.

67.     Corporate Defendants' decisions to prioritize profit over residents at the Facility directly caused skilled nursing and medical injury and death to Freeman M. Frothingham, Sr.

## VII. CAUSES OF ACTION

*A.*     *Count One: Ordinary Negligence*

68.     Plaintiff incorporates the preceding paragraphs (excluding those relative to medical negligence), as if fully set out in this claim for ordinary negligence.

69.     Defendants owed a duty of reasonable care to residents such as Freeman M. Frothingham, Sr. to provide *custodial* care and services and supervision and oversight within accepted standards of care of facilities like the one at issue.

70.     Defendants owed a duty to their residents, including Freeman M. Frothingham, Sr., to hire, train, educate, oversee and supervise employees to deliver *custodial* care and services to residents in a safe, beneficial and dignified manner, as well as to consistently provide sufficient numbers of staff to meet Freeman M. Frothingham, Sr.'s needs.

71.     Defendants breached their duty owed to their residents, including Freeman M. Frothingham, Sr., and were negligent in their *custodial* care and treatment of Freeman M. Frothingham, Sr. through their acts or omissions relevant to *custodial* care.

72.     Defendants were ordinarily negligent in their *custodial* care and treatment of Freeman M. Frothingham, Sr. through their acts or omissions, which include, but are not limited to the following:

17

a. Failure to provide Freeman M. Frothingham, Sr. with basic and necessary *custodial non-medical* care and services;

b. Failure to take reasonable steps to prevent, eliminate, and correct *custodial* deficiencies and problems;

c. Failure to protect Freeman M. Frothingham, Sr. from abuse and neglect;

d. Failure to keep Freeman M. Frothingham, Sr. clean, comfortable and well-groomed;

e. Failure to treat Freeman M. Frothingham, Sr. with kindness, dignity and respect;

f. Failure to provide consistently provide sufficient numbers of staff;

g. Failure to adequately assess, evaluate, and supervise non-nursing direct hands on care personnel so as to ensure that Freeman M. Frothingham, Sr. received appropriate *custodial* care in accordance with Defendant' policies and procedures that they created and implemented and advertised.

73.     The injuries Freeman M. Frothingham, Sr. suffered were a proximate result of the acts or omissions carried out by Defendant, singularly and in combination with each other.

*B. Count Two: TAPA*

74.     Plaintiff incorporates the preceding paragraphs (excluding those relative to medical negligence), as if fully set out in these claims for Plaintiff's private action for relief for Defendants' violations of the Tennessee Adult Protection Act ("TAPA"). Tenn. Code Ann. § 71-6-101 *et. seq.*

75.     At all times during Freeman M. Frothingham, Sr.'s residency at Defendants' Facility, he was an "elderly person" and/or a "disabled person" as defined by TAPA. Tenn. Code Ann. § 71-6-120.

76.     During Freeman M. Frothingham, Sr.'s residency at the Facility, Defendants inflicted physical pain, injury, mental anguish on him or deprived him of the services by a caretaker that was necessary to maintain the health and welfare of an adult, resulting in abuse,

18

neglect or exploitation to Freeman M. Frothingham, Sr. as defined in Tenn. Code Ann. § 71-6-102(1) and Tenn. Code Ann. § 71-6-102(8).

77.     The acts or omissions of the Defendants as set forth herein occurred in the Facility or were committed by staff of a Facility licensed or required to be licensed by the board licensing health care facilities under T.C.A. Chapters 68 and 33.

78.     Defendants were a "caretaker" of Freeman M. Frothingham, Sr. because they assumed the responsibility to care for him voluntarily, by contract, or agreement within the meaning of TAPA. Tenn. Code Ann. § 71-6-102(5)(A).

79.     The acts or omissions of Defendants as set forth herein constitute "abuse or neglect" as defined by TAPA.

80.     Freeman M. Frothingham, Sr.'s injuries were proximately caused by acts or omissions of custodial services that were necessary to maintain the health and welfare of Freeman M. Frothingham, Sr.

81.     Abuse, neglect or exploitation of any adult within the meaning of TAPA is prohibited. Tenn. Code Ann. § 71-6-117 – § 71-6-119.

82.     As an elderly person, Freeman M. Frothingham, Sr. was a member of the class that TAPA is intended to protect.

83.     The injuries suffered by Freeman M. Frothingham, Sr. are of the type that TAPA was designed to prevent.

84.     As a direct and proximate result of the acts and omissions of the Defendants as set forth above, Freeman M. Frothingham, Sr. suffered mental anguish, extreme physical pain, disfigurement, physical suffering, and physical injuries which include but are not limited to those described herein, all of which were a result of custodial neglect.

19

85.     Violations of TAPA were the proximate cause of Freeman M. Frothingham, Sr.'s injuries for which Plaintiff should be compensated.

*C. Count Three: Medical Negligence*

86.     Plaintiff incorporates the preceding paragraphs (except for ordinary negligence and TAPA) as if fully set out in this claims for medical malpractice.

87.     Plaintiff brings this medical malpractice claim pursuant to the Tennessee Medical Malpractice Act codified at Tenn. Code Ann. § 29-26-115 *et seq.*

88.     Defendant owed a duty to residents such as Freeman M. Frothingham, Sr. to provide *skilled nursing* care, treatment, services, and supervision within the recognized standards of acceptable professional practice applicable to them in Franklin County, Tennessee or similar communities.

89.     Defendants owed a duty to their residents, including Freeman M. Frothingham, Sr., to render *skilled nursing* care and services as a reasonably prudent and similarly situated nursing home would rending, including, but not limited to providing care and services in a safe and beneficial way.

90.     Defendants owed a duty to assist all of their residents, including Freeman M. Frothingham, Sr., in attaining and maintaining the highest level of *physical, mental* and psychosocial well-being.

91.     Defendants failed to meet the standard of care and violated their duty of care to Freeman M. Frothingham, Sr. through mistreatment, abuse, neglect and deviations from the applicable standard of care.

92.     Reasonably prudent nursing homes, operating under the same or similar conditions, would not have failed to provide this care.

20

93.     Each of the foregoing acts of *medical* negligence by Defendants were a proximate cause of Freeman M. Frothingham, Sr.'s injuries, all of which were foreseeable to Defendants.

94.     Defendants' conduct breaching the duties they owed to Freeman M. Frothingham, Sr. were *negligent, grossly negligent, willful, wanton, malicious, reckless* and/or *intentional.*

95.     The injuries suffered by Freeman M. Frothingham, Sr. were a direct and proximate result of the acts or omissions of Defendants, set forth above, singularly or in combination with each other.

### D. Count Four: Negligence Per Se

96.     Plaintiff incorporates the preceding paragraphs, as if fully set out in these claims for negligence *per se.*

97.     Defendants were at all times material to this action operating and controlling a licensed nursing facility subject to rules, statutes and regulations promulgated by the State of Tennessee and the government of the United States.

98.     Such rules, statutes and regulations, including but not limited to, Tenn. Code Ann. §68-1-901, *et seq.* set forth the minimum standards and requirements of care for residents with conditions similar to that of Freeman M. Frothingham, Sr.

99.     Such rules, statutes and regulations provide for the treatment and establishment of minimum standards of care for the purpose of preventing danger, harm and injury to individuals like Freeman M. Frothingham, Sr..

100.    Freeman M. Frothingham, Sr. was in the class of persons intended to be protected by these statutes, rules and regulations which entitled her to adopt as the minimum standards of care for measuring Defendants' conduct and allows him to assert a claim of negligence *per se*

21

and assert that as a matter of law the conduct of the Defendants amounted to negligence, which proximately caused the severe injury of Freeman M. Frothingham, Sr.

## VIII. DAMAGES

101.　Plaintiff incorporates the preceding paragraphs as if fully set out in these claims for Damages.

102.　Plaintiff asserts the above claims on behalf of himself and on behalf of the wrongful death beneficiaries of Freeman M. Frothingham, Sr. pursuant to Tenn. Code Ann.

103.　Plaintiff seeks compensatory and punitive damages against Defendants in an amount to be determined by the jury, plus costs and other relief to which Plaintiff is entitled.

104.　As a direct and proximate result of the negligence, recklessness, and acts or omissions of the Defendants and/or their employees and/or agents, Freeman M. Frothingham, Sr. was caused to suffer significant harms, losses, pain, suffering, physical injury and damages, including but not limited to those listed in this **Complaint for Damages**.

105.　The longevity, scope and severity of Defendants' failures and actions along with their conscious indifferent actions with regard to the welfare and safety of helpless residents such as Freeman M. Frothingham, Sr. constitute *gross negligence, willful, wanton, reckless, malicious* and/or *intentional misconduct, malice* as such terms are understood in the law.

106.　Such conduct was undertaken by Defendants without regard to the health and safety consequences of residents such as Freeman M. Frothingham, Sr. that were entrusted to Defendant's care and for pecuniary gain.

22

107. Such conduct by Defendants evidence such little regard for their duties of care, good faith and fidelity owed to residents including Freeman M. Frothingham, Sr. as to raise a reasonable belief that the acts and omissions were the result of conscious indifference to Freeman M. Frothingham, Sr.'s rights and welfare.

108. Plaintiff is entitled to compensatory damages and costs, including reasonable expenses, where it is proven Defendants are liable for abuse or neglect as defined in TAPA and reasonable attorneys fees because clear and convincing evidence will establish the abuse and neglect to Freeman M. Frothingham, Sr. resulted from intentional, fraudulent or malicious conduct by Defendant. Tenn. Code Ann. § 71-6-120.

100. As a direct and proximate result of the negligence, recklessness, and acts or omissions of the Defendants and/or their employees and/or agents, Freeman M. Frothingham, Sr. was caused to suffer significant harms, losses, pain, suffering, physical injury and damages, including but not limited to those listed in this Complaint.

101. As a direct and proximate result of the negligence, recklessness, and acts or omissions of the Defendants and/or their employees and/or agents, Freeman M. Frothingham, Sr.'s wrongful death beneficiaries were caused to suffer harms, losses, injuries and damages, including but not limited to the loss of guidance, comfort, advice and any other item of injury or damage as provided for by the Tennessee Wrongful Death Act or otherwise under Tennessee law.

## IX. JURY DEMAND

102. Pursuant to Rule 38.02 of the Tennessee Rules of Civil Procedure and the Tennessee Constitution, Plaintiff demands a jury to try all issues so triable.

23

## X. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, that this action be set down for trial by jury, and that Plaintiff recover a judgment against Defendants for damages in such amount as the jury determines fair and reasonable together with prejudgment and post judgment interest, costs of suit, attorneys' fees, and such other relief to which Plaintiff shows herself entitled and specifically requests the following:

103.    That proper process and service be issued as provided by law;

104.    That Plaintiff be awarded compensatory damages in an to be determined by the jury but in excess of this Court's jurisdiction;

105.    That a judgment in favor of Plaintiff for punitive damages against Defendants in an amount to be determined by the jury sufficient to punish Defendant for its egregious conduct and to deter Defendant and others from repeating such atrocious conduct;

106.    That Plaintiff receive all general and special damages caused by the alleged conduct of Defendants;

107.    That Plaintiff be awarded his attorneys' fees and costs of litigating this case, including attorneys' fees as specifically provided for in Tenn. Code Ann. . § 71-6-101, *et seq.*;

108.    That Plaintiff be awarded any discretionary costs in this cause; and,

109.    That Plaintiff be awarded any and all other relief that the Court deems appropriate.

24

Dated April 27, 2012.

Respectfully Submitted,

Joe Dughman, Esq. (TNBPR 3550)
Joe Dughman & Associates
1812 Broadway
Nashville, Tn. 37203
615.244.3331 (t)
615.515.3512 (f)
joe@joedughman.com

Garry J. Rhoden, Esq. (TNBPR 24815)
The Rhoden Firm
Attorney for Plaintiff
Washington Square
1922 Exeter Road, Suite 12
Germantown, Tennessee 38138
901.827.9162 (t)
901.202.9321 (f)
garry@rhodenfirm.com

25

## AFFIDAVIT OF MAILING OF
## LETTER OF INTENT TO FILE A CLAIM



After being duly sworn, the undersign states as follows:

1. I am a legal assistant with the firm of Joe Dughman & Associates, located at 1812 Broadway, Nashville, Tennessee 37203.

2. This firm represents Freeman M. Frothingham, Jr. in connection with litigation arising out of the death of Freeman M. Frothingham, Sr.

3. On, February 3, 2012, I mailed, by certified mail, return receipt requested, the Letter of Intent to File a Claim attached hereto as <u>Exhibit 1</u> to:

GGNSC Winchester, LLC
d/b/a Golden LivingCenter-Mountain View
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

GGNSC Winchester, LLC
d/b/a Golden LivingCenter-Mountain View
1360 Bypass Road
Winchester, TN 37398

4. Copies of the Certified Mail Return Receipts and Certificates of Mailing are attached as collective <u>Exhibit 2</u>.

5. Joe Dughman & Associates was listed on the return address as the sender of the Letter of Intent to all addresses.

6. As of the date of this Affidavit, neither letter has been returned to the offices of Joe Dughman & Associates.

_____
JENNACA SMITH

Sworn to before me this _6th_ day of February, 2012.

_____
Notary Public

My Commission Expires: _1-6-2015_

KATHRYN S. RESUMOVIC
STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY
My Commission Expires January 6, 2015

# Law Offices of
# JOE DUGHMAN & ASSOCIATES

1812 Broadway
Nashville, Tennessee 37203
Telephone: (615) 244-3331      Facsimile: (615) 515-3512
E-Mail: joe@joedughman.com
www.joedughman.com
www.safenursinghomes.com



February 3, 2012

### VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
### CERTIFICATE OF MAILING DOCUMENTED

GGNSC Winchester, LLC                     GGNSC Winchester, LLC
d/b/a Golden LivingCenter-Mountain View   d/b/a Golden LivingCenter-Mountain View
c/o Corporation Service Company           1360 Bypass Road
2908 Poston Avenue                        Winchester, TN 37398
Nashville, TN 37203-1312

> **RE:**   *Notice of Claim Under T.C.A. § 29-26-122*
> **Your Patient/My Client: Freeman M. Frothingham, Sr.**
> **Date of Birth: 03/12/1922**
> **Social Security No.: 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**

To Whom It May Concern:

Please be advised that, Mr. Freeman M. Frothingham, Jr., the son and executor of your deceased patient, Freeman M. Frothingham, Sr. is giving notice pursuant to T.C.A. § 29-26-121 that a medical malpractice claim for the wrongful death Freeman M. Frothingham, Sr. will be filed against you within the time period required by law. The medical malpractice claim will be filed by Freeman M. Frothingham, Jr., P.O. Box 382, Morrison, TN 37357, on behalf of Freeman M. Frothingham, Sr. A copy of Freeman M. Frothingham Sr.'s death certificate is included for your records as Exhibit A.

This law firm will be representing Mr. Frothingham, Jr. Our address and contact information appears in this letter. If you wish to correspond or talk with this firm about this matter, please direct your inquiry to the undersigned.

A substantially similar notice is being sent to:

**GPH Winchester, LLC**
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

GPH Winchester, LLC
1000 Fianna Way
Fort Smith, AR 72919

GPH Winchester, LLC
1360 Bypass Road
Winchester, TN 37398

**GGNSC Equity Holdings, LLC**
c/o Corporation Service Company
300 Spring Building, Suite 900
300 S. Spring Street
Little Rock, AR 72201

GGNSC Equity Holdings, LLC
1000 Fianna Way
Fort Smith, AR 72919

**GGNSC Clinical Services, LLC**
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

GGNSC Clinical Services, LLC
1000 Fianna Way
Fort Smith, AR 72919

**Golden Gate National Senior Care, LLC**
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

Golden Gate National Senior Care, LLC
1000 Fianna Way
Fort Smith, AR 72919

**GGNSC Administrative Services, LLC**
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

GGNSC Administrative Services, LLC
1000 Fianna Way
Fort Smith, AR 72919

**Golden Gate Ancillary, LLC**
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

Golden Gate Ancillary, LLC
1000 Fianna Way
Fort Smith, AR 72919

**GGNSC Holdings, LLC**
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

GGNSC Holdings, LLC
1000 Fianna Way
Fort Smith, AR 72919

**360 Healthcare Staffing, LLC**
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

360 Healthcare Staffing, LLC
1000 Fianna Way
Fort Smith, AR 72919

2

As required by T.C.A. § 29-26-122(a)(2)(E), I have attached a HIPAA-compliant medical authorization authorizing you to obtain complete medical records from Golden LivingCenter-Mountain View, which has been executed by Mr. Frothingham, Jr. as Exhibit B. Additionally, the Probate Court Order is attached as Exhibit C. If Golden LivingCenter-Mountain View does not accept this release for any reason, please contact us, and we will use our best efforts to execute a form acceptable to them that will permit you to obtain complete medical records concerning Freeman M. Frothingham, Sr. from that facility.

Neither this Notice nor the medical authorization waives the common law physician patient privilege concerning your care and treatment of Freeman M. Frothingham, Sr.: We expect that you will not communicate with any person other than your attorney about your care and treatment of Freeman M. Frothingham, Sr..

We believe that this letter complies with the letter and spirit of T.C.A. § 29-26-121. If you believe it is deficient in any way, please promptly let us know and any defect will be promptly cured. If we do not promptly hear from you, we will assume that you believe this letter complies with the law.

Sincerely,

Joseph K. Dughman

cc: Freeman M. Frothingham, Jr.

3

EXHIBIT

A

# STATE OF TENNESSEE
## Office of Vital Records

TENNESSEE DEPARTMENT OF HEALTH
### CERTIFICATE OF DEATH

**DECEDENT**

Toombs M. Frothingham — M — February 4, 2011

87 — March 17, 1922 — Beech Grove, Tennessee

Alvin C. York VA Hospital — Murfreesboro — Rutherford

Widowed — Disabled — Military Disability

Tennessee — Coffee — Tullahoma — 1063 Highland Dr.

37388 — White

**PARENTS**

Eulus Frothingham — Virginia Freeman

**INFORMANT**

Alvin C. York VA Hospital — None — 2400 Lebanon Pike, Murfreesboro, TN 37129

**DISPOSITION**

Hollywood Cemetery — Wartrace, Tennessee

Neil Arnold — 4108 — J. Wayne Bush — 5477

Daves-Culbertson Funeral Home, 401 N. Jackson St., Tullahoma, TN 37388 — 901

**REGISTRAR**

Brenda Hughes, DR — Feb 17, 2011

**CERTIFIER**

Radhika Gaddipati MD — MD4301089121 — Feb 8, 2011

Radhika Gaddipati, M.D. 3400 Lebanon Pike, Murfreesboro, TN 37129

**CAUSE OF DEATH**

Cardio pulmonary arrest

Severe dehydration

Decreased oral intake

I hereby certify the above to be a true and correct copy of the original document on file in this department. This certified copy is only valid when printed on security paper showing the red embossed seal of the Department of Health. Alteration or erasure voids this certification. Tennessee Code Annotated 68-3-101 et seq., Vital Records Act of 1977.

4595239

Lisa G. Kilgore, Local Registrar
Rutherford Co. Health Department — Date Issued

Teresa S. Hendricks
STATE REGISTRAR

## CERTIFICATION OF VITAL RECORD

# AUTHORIZATION FOR RELEASE OF PROTECTED HEALTH INFORMATION (PHI)

PROVIDER NAME:      GOLDEN LIVINGCENTER-MOUNTAIN VIEW

PROVIDER ADDRESS:      1360 BYPASS ROAD

WINCHESTER, TN 37398

**EXHIBIT B**

PROVIDER PHONE & FAX #:

---

**Section A: This section must be completed for all Authorizations for Release of PHI or Right to Access**

Patient's Name: Freeman Frothingham

Patient's Address: N/A

Patient's SS#: 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

Patient's Date of Birth: 03/12/1922

Requester's/Record Recipient's Name & Address:
GGNSC Winchester, LLC
d/b/a Golden LivingCenter-Mountain View
1360 Bypass Road
Winchester, TN 37398

This Authorization will expire: When the claim for damages pertaining to my accident of 2/4/2011 is resolved.

Purpose of Disclosure: COMPLIANCE WITH T.C.A. § 29-26-121

**Section B: Description of information to be used or disclosed: All items checked below from to present**

| | | | | | |
|---|---|---|---|---|---|
| X | All PHI & Medical Records | X | Laboratory | X | List of Allergies |
| X | History & Physical | X | Imaging/Radiology/X-Rays | X | Immunization Records |
| X | Consultation Reports | X | Nursing Notes | X | Discharge Summaries |
| X | Operative Reports | X | Medication Records/Orders | X | Evaluation Reports |
| X | Progress Notes | X | Demographics | X | Itemized Bills |
| X | Physician Orders | X | Rehabilitation Services | X | Any & All Records in Provider's Possession |
| X | Social History Information | X | Special Tests & Therapy | X | Any & All Records from Other Providers |

**Section C:**      I understand that:

1. I may refuse to sign this authorization and that it is strictly voluntary.
2. If I do not sign this form, my health care and the payment for my health care will not be affected unless stated otherwise.
3. I may revoke this authorization at any time in writing, but if I do, it will not have any affect on any actions taken prior to receiving the revocation. Further details may be found in the Notice of Privacy Practices.
4. If the requester or receiver is not a health plan or health care provider, the released information may no longer be protected by federal privacy regulations and may be redisclosed.
5. I understand that my attorney will receive copies of all records received through this authorization.
   I, through my attorney, will get a copy of this form after I sign it.
6. I acknowledge, and hereby consent to such, that the released information may contain alcohol abuse/treatment, drug abuse/treatment, psychiatric/behavioral/mental health treatment/services, sexually transmitted disease, HIV testing, HIV results and/or AIDS information.      (Initial)

_Freeman Frothingham Jr_
Signature of Patient or Legal Representative

Executor

_Executor by Joe Dughman atty_
If Signed by Legal Representative, Relationship to Patient

Date _2/3/12_

_Pennan Smith_
Signature of Witness

The purpose of the release of my records is for review by GGNSC Winchester, LLC d/b/a Golden LivingCenter-Mountain View for which I am granting my authorization. **THIS AUTHORIZATION DOES *NOT* PERMIT YOU TO DISCUSS THESE MATTERS WITH ANY MEDICAL CARE PROVIDER OR THEIR PRERESENTATIVES OUTISDE THE PRESENCE OF MY ATTORNEYS.** You may furnish this facility records that are requested by this office. All medical records obtained pursuant to this authorization by GGNSC Winchester, LLC d/b/a Golden LivingCenter-Mountain View shall be copied by their office and a Bates-numbered copy shall be furnished to my Counsel, Joseph K. Dughman, within five (5) days after the records are obtained through the use of this authorization.



EXHIBIT
**C**

IN THE PROBATE COURT OF COFFEE COUNTY, TENNESSEE AT MANCHESTER

IN RE: FREEMAN M. FROTHINGHAM, SR.
Deceased

FREEMAN M. FROTHINGHAM, JR.
Petitioner

NO. 2011 PR 137

FILED
CHANCERY COURT, COFFEE CO., TN
SEP 30 2011
TIME 9:29 AM PM

---

### ORDER TO PROBATE

---

This cause came on to be heard on the 30 day of Sept. , 2011, before the Honorable L.

CRAIG JOHNSON, CHANCELLOR, upon the petition of FREEMAN M. FROTHINGHAM, JR.,

that a paper-writing purporting to be the Last Will and Testament of FREEMAN M.

FROTHINGHAM, SR., deceased, be admitted to probate, and that letters testamentary be issued to

the Petitioner.

1. Petitioner's Identification.   Petitioner is the son of the Decedent, FREEMAN M.

    FROTHINGHAM, SR. Petitioner is nominated in the Executor clause section of decedents'

    said Will to serve as Executor. Petitioner is over the age of 18 and hereby consents to act as

    Executor. Petitioner's name and residence address are as follows:

    FREEMAN M. FROTHINGHAM, JR.
    1054 CANEY BRANCH ROAD
    MORRISON, TENNESSEE 37357

2. Decedent Identification:   The Decedent, FREEMAN M. FROTHINGHAM, SR., died on

    February 4, 2011 in Rutherford County, Tennessee, at the age of 88 years. The Decedent's

    place of residence at the time of his death was 106 Highland Drive, Tullahoma, Tennessee.

3. Decedent's Will.   Among the Decedent's papers, Petitioner located a paper writing of two

    pages bearing the date November 5, 2003, purporting to be the Last Will and Testament of

the Decedent. Also attached is a one page affidavit executed by the witnesses of the

Decedent's will, Gina Blair and Traci L. Jones, attesting to their witnessing of Decedent's

Will on November 5, 2003. A copy of the executed paper writing is attached as Exhibit A to

this petition. Petitioner has made a thorough search for wills and codicils signed by the

Decedent other and later than said writing but has found no other or later Will or Codicil.

4. <u>Will Witnesses</u>. The attesting witnesses to the Decedent's Will are Gina Blair and Traci L.

Jones. The affidavit of each such attesting witness is attached to said paper writing, and

Petitioner presents said affidavits to this Court in support of this Petition.

5. <u>Beneficiaries of Estate</u>.

a) <u>Specific Bequests</u>. Norman M. Frothingham.

b) <u>Residue</u>. The residue under the Decedent's Will passes to Geraldine Longmire, Freeman M.

Frothingham, Jr., Joseph U. Frothingham, John F. Frothingham, Virginia Nan Chappell,

Sandra J. Street, and Norman M. Frothingham.

c) <u>Heirs at law</u>. The persons who would be entitled to the Decedent's property under the

Tennessee statutes of intestate succession are Petitioner's children:

Virginia Nan Chappell
281 Orchard Lane
McMinnville, Tennessee 37110

John F. Frothingham
407 North 10th Street
Collinville, Oklahoma 74021

Norman M. Frothingham
106 Highland Drive
Tullahoma, Tennessee 37388

Freeman Frothingham, Jr.
P.O. Box 382
Morrison, Tennessee 37357

Geraldine Frothingham Longmire
11709 Old Tullahoma Road
Tullahoma, Tennessee 37388

Joseph U. Frothingham
15 Garrison Drive
Carterville, Georgia 30120

Sandra J. Street
506 Timberland Drive
Estill Springs, Tennessee 37330

6. Disability of Minors. No direct devisee or legatee is a minor or under a disability.

7. Waiver of Inventory and Bond. The Executor's clause of Decedent's Will waives the requirement that any person designated therein to serve as Personal Representative of the estate be required to file an inventory with any court or furnish bond with respect to the performance of such person's duties.

8. Petitioner's Statement. Petitioner is not aware of any instrument revoking the document being offered for probate and believes that the document being offered for probate is the Decedent's true and whole last will and testament. Petitioner further believes said writing is duly signed, declared, published and attested.

THEREFORE IT IS ORDERED, AJUDGED, AND DECREED:

1. That said paper writing of three pages (including one page affidavit) bearing the date November 3, 2003, presented to this Court in support of this petition, be admitted to probate as and for the true and whole Last Will and Testament of the Decedent, FREEMAN M. FROTHINGHAM, SR., and that the Clerk of this Court be directed to file and record same;

2. Petitioner be appointed as Executor of the Decedent's estate, to serve without bond and without the requirement of filing an inventory or accounting;

3. Letters testamentary be issued to Petitioner based upon him taking the oath as required by law; and

4. Petitioner be granted such additional relief as the Court may deem proper under the circumstances.

Submitted this the 30th day of Sept. , 2011, in Coffee County, Tennessee.

*Charlotte U. Brayhs*

~~HONORABLE L. CRAIG JOHNSON,~~
~~CHANCELLOR~~ CLERK & MASTER

Approved for Entry:

*Richan A. Dorris*

Richard A. Dorris, TN Bar Reg. #6350
Attorney for Petitioner
P. O. Box 7055
101 W. Main St.
McMinnville, TN 37111
(931)506-5036

STATE OF TENNESSEE COUNTY OF COFFEE
I THE UNDERSIGNED CLERK & MASTER OF SAID COUNTY
AND STATE, DO HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL OF THIS INSTRUMENT

THIS 30th DAY OF Sept 20 11
*Charlotte U. Brayles*
CLERK & MASTER

## CERTIFICATE OF SERVICE

I certified that I have this date served a copy of the foregoing instrument by placing a copy of the same in the United States Mail, postage prepaid to:

Virginia Nan Chappell
281 Orchard Lane
McMinnville, Tennessee 37110

John F. Frothingham
407 North 10th Street
Collinville, Oklahoma 74021

Norman M. Frothingham
106 Highland Drive
Tullahoma, Tennessee 37388

Freeman Frothingham, Jr.
P.O. Box 382
Morrison, Tennessee 37357

Geraldine Frothingham Longmire
11709 Old Tullahoma Road
Tullahoma, Tennessee 37388

Joseph U. Frothingham
15 Garrison Drive
Cartersville, Georgia 30120

Sandra J. Street
506 Timberland Drive
Estill Springs, Tennessee 37330

This the ___30th___ day of __Sept.__, 2011.

Richard A. Dorris